IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN J. HAMMER, et al., : Plaintiffs, | Case No. 4:07-CV-969 |
| v. : | (Judge Jones) |
| EDWARD G. PUHL, et al., : Defendants. | |

## MEMORANDUM

June 15, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This Court is in receipt of a Complaint initiating the above-captioned action, filed by pro se Plaintiffs[1] on May 25, 2007. (Rec. Doc. 1). As we could discern no grounds for our jurisdiction over this action in said Complaint, on May 31, 2007, we issued an Order affording Plaintiffs the opportunity to file a submission explaining the grounds on which such jurisdiction exists. (Rec. Doc. 2).

As requested, on June 8, 2007, Plaintiffs timely filed a responsive submission to our May 31, 2007 Order.[2] (See Rec. Doc. 6). Based upon our

---

[1] Plaintiffs in this action are Stephen J. Hammer, Dr. Jana Lee Hammer, and Tyler Lee.

[2] On June 11, 2007, Plaintiffs also filed a letter requesting this Court's understanding regarding "mistakes in procedures, process, and service or probably any other area where mistake can be made . . . ." (Rec. Doc. 7 at 1). Although said letter provides no grounds for our jurisdiction over the above-captioned action, the Court sympathizes with the sentiments expressed therein.

1

reading of said submission, it is clear to us that Plaintiffs read our May 31, 2007 Order as a mandate to file an Amended Complaint and that they have done so by way of their June 8, 2007 filing. Thus, we will construe Plaintiffs' June 8, 2007 filing as an Amended Complaint, and we will order the Clerk of Court to denote as much on the docket.

However, for the reasons that follow, this action will be dismissed without prejudice.

**DISCUSSION:**

It is well-established that in order for federal courts, such as this one, to have subject matter jurisdiction over an action, they must be able to exercise either federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331-1332. It is equally well-established that it is incumbent upon federal courts to ensure that such subject matter jurisdiction exists if such is in question. See Morel v. Immigration and Naturalization Serv., 144 F.3d 248, 251 (3d Cir. 1998) (citing Ins. Corp. of Ireland, Ltd. v. Companie des Bauxite de Guinee, 456 U.S. 694 (1982)).

Because our review of Plaintiffs' initial Complaint prompted us to suspect that subject matter jurisdiction over the instant action is questionable, we issued our May 31, 2007 Order to ensure that we had not failed to recognize some aspect

of Plaintiffs' allegations. In an attempt to satisfy our May 31, 2007, Plaintiff filed what we have now construed to be an Amended Complaint.

Cognizant of Plaintiffs' pro se status, our review of Plaintiffs' two (2) Complaints (docs. 1, 6), viewed separately or together, confirms that no jurisdiction is conferred thereby. First, all Plaintiffs and all Defendants appear to be residents of Gettysburg, Pennsylvania, rendering this Court without diversity jurisdiction over this matter. Second, despite Plaintiffs' references to "RICO," both Complaints clearly indicate that no such claim is cognizable here,[3] precluding federal question jurisdiction.

Moreover, as we suspected, Plaintiffs' submissions appear to us to be attempts to engage a district court in a collateral attack on bankruptcy proceedings. Indeed, as Plaintiffs' June 8, 2007 submission (doc. 6 at 12) reveals, Plaintiffs' most recent bankruptcy action, docketed at 1:07-bk-1018, has been revived by

---

[3] To state a civil RICO claim, a plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (d) of racketeering activity. See Lum v. Bank of America, 361 F. 3d 217, 223 (3d Cir. 2004). A "pattern of racketeering activity" requires "at least two acts" of conduct indictable under various enumerated federal criminal statutes. 18 U.S.C. § 1961(1), (5). Review of Plaintiffs' Complaints reveals that they clearly lack the specific factual allegations sufficient to establish that any Defendants engaged in conduct that satisfies the elements of a civil RICO action.
    Further, neither Complaint contains a prayer for relief that is cognizable. The original Complaint requested that this Court enjoin the lifting of a stay in an underlying bankruptcy action (doc. 1 at 3-4), which is not a remedy that this Court can impose. The Amended Complaint indicates that Plaintiffs "seek no damages" (doc. 6 at 3), but rather "seek recognition of harassment" (id. at 5), which simply not a cognizable form of relief.

3

Plaintiffs' Motion for Reconsideration filed therein, and a proceeding on same is scheduled to occur on Monday, June 18, 2007. Thus, as Plaintiffs recognize,[4] any remedies to which they may be entitled lie in bankruptcy court, not this one.

Finally, nothing on the face of either of Plaintiffs' Complaints indicates that this action could be rendered properly before this Court if Plaintiffs were granted leave to amend. Accordingly, we will dismiss this action without prejudice.

An appropriate Order shall issue.

---

[4] Although we offer no opinion on Plaintiffs' right(s) to any desired relief related to their bankruptcy action, we commend Plaintiffs for their recent attempt to seek such redress in the appropriate forum.